UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Ian Matthew Donnoe; | Case No. 25-30447 |
| Cassandra Joyce Robinson; | 25-30583 |
| Maudell Hardison-Martin; | 25-40639 |
| Gerald Michael Illich; | 25-60109 |
| Kieth Christopher Saffold; | 25-30774 |
| Alan James MacFarlane; | 25-30777 |
| Maria Luisa Gonzalez; and | 25-30801 |
| Devin Blake Vinson, | 25-60166 |
| Debtors. | Chapter 7 Cases |

MEMORANDUM AND ORDER

Before the Court are multiple motions by the Walker & Walker firm to pay the filing fee in installments. These cases came before the Court on March 12, 2025, and April 9, 2025, and Andrew Walker personally appeared on behalf of Walker & Walker. The present cases, and several hundred others filed by Walker, contain applications to pay the filing fee in installments and have a third-party guarantor responsible for making the filing fee and attorney fee payments.

For the reasons stated herein, the motions to pay the filing fee in installments in each case above are **DENIED.**

## BACKGROUND

On July 17, 2023, the United States Bankruptcy Court for the District of Minnesota amended Local Rule 1006-1 to read: "The required filing fee must be paid . . . on the day the petition is filed, except as provided in Federal Rule of Bankruptcy Procedure 1006(b)-(c)." Bankr.

1

<u>D. Minn. R. 1006-1</u>. The Advisory Committee Notes state that this rule was amended to "ensure consistency with Fed. R. Bankr. P. 1006(b)(1)-(2), which addresses how a debtor applies to pay the filing fee in installments and the court's action on the application." <u>2023 Advisory Committee Notes</u>. The change allows a debtor, upon application and approval from the court, to pay the application fee in up to four payments, instead of the allowed maximum of two payments under the previous version of the Local Rule.

In the fifteen months from January 1, 2024, through April 2, 2025, Mr. Walker has filed 2,728 chapter 7 cases in the District of Minnesota Bankruptcy Court.[1] Of these cases, Mr. Walker filed motions to pay the filing fees in installments in 844 of them, or 31% of his chapter 7 cases. The Court must review each application that is filed before it can be approved or denied. This has resulted in multiple hearings to discuss the appropriateness of these applications as well as to inform Mr. Walker about deficiencies in these filings. During these hearings several issues have arisen: 1) uncertainty over who is paying attorney's fees; 2) volume of cases wherein an application to pay the filing fee in installments is filed; and 3) propriety of asking to pay fees in installments when there is a third-party guarantor.

## ANALYSIS

### Compliance with En Banc Order Regarding Post-Petition Fees

In all seven of the cases before me today, and in a vast majority of the 844 motions to pay the filing fee in installments filed by Mr. Walker in this District, the disclosure of compensation indicates that all fees are going to be paid to Walker & Walker post-petition via a third-party.

---

[1] Mr. Walker personally signs every bankruptcy petition, and he is listed as the attorney on the file for every petition that is filed by his law firm Walker & Walker. Therefore, the Court will refer to Mr. Walker personally when discussing the filings of these applications.

However, Mr. Walker disclosed to the Court during the hearings on March 12 and April 9 that, in reality, his firm seeks post-petition payment of the attorney's fees and filing fee directly from the debtor. There are two problems with this: 1) Mr. Walker is subject to this District's requirement that attorneys must disclose voluntary post-petition payments from debtor to the Court and submit the retainer agreement to the Court for review; and 2) Walker has made a misrepresentation to the court regarding the source of payment of the post-petition filing fee and attorney's fees.

In this District "attorneys must file an application for Court review of their fee agreement if the debtor is the source of payment for any fees to be paid after the petition date. Attorneys are not required to file such an application if a third party is the source of payment." Second Amended <u>En Banc Order In re: Post-Petition Attorney's Fee Arrangements in Chapter 7 Cases</u> (Bankr. D. Minn. 9/8/2022). Although an attorney need not submit a fee agreement if a third party is *the source* of post-petition payments, they must submit it if *any fees* are to be paid via the debtor. Mr. Walker acknowledged that the "debtors often voluntarily pay" the filing and attorney's fees, and if "they don't pay it then we ask the guarantor." <u>Hearing March 12, 2025</u>. When prompted as to whom usually makes the payments, Mr. Walker replied: "More are paid by the debtor than the guarantor. The debtor generally wants to pay the attorney's fees instead of having the guarantor pay." <u>Id.</u> At the hearing on April 9, 2025, Mr. Walker represented to the Court that "the guarantors are usually willing to be a stopgap for the debtor, they aren't willing to get out the filing fee for the debtor."[2]

---

[2] Mr. Walker also informed the court that he will advance the filing fee on behalf of the debtor when the debtor does not pay the filing fee "more often than asking the guarantor, we often advance it," and that the firm often does so "in the name of good customer experience and have the system work the way [the debtors] want." The Court does not have enough details to make a determination on the ethics or propriety of advancing filing fees to a debtor in a chapter 7 bankruptcy case. <u>See In re: Mudd</u> 663 B.R. 364, 382 (Bankr. W.D. Okla. 2024) (discussing cases where an attorney

An attorney looking to the debtor to pay any post-petition fees and then not disclosing that to the Court conflicts with this Court's en banc order. Mr. Walker has misrepresented to the Court where his fees are coming from. Without disclosing this, one would never know that the debtor is paying anything and would assume that the payment is coming only from the third-party guarantor. Therefore, if Mr. Walker, or any attorney filing a chapter 7 case, is intending to get *any* fees post-petition from the debtor, he *must* file the signed retainer agreement with the court so that it can be reviewed to ensure that the debtor is fully informed of the voluntary nature of any post-petition payments, even if they have a third-party guarantor as a backup for payments.

### Payment of the Filing Fee in Installments

The main issue before the Court, and the reason for these cases being called in the first place, is whether the Court may grant an application to pay the chapter 7 filing fee in installments where there is a third-party guarantor responsible for the payment of the filing fee and the attorney's fees. A petition for bankruptcy relief "must be accompanied by the filing fee." Fed. R. Bankr. P. 1006(a). Under this rule, the filing fee is to be paid by "[t]he *parties* commencing a case." 28 U.S.C. § 1930(a)(1). (Emphasis added). If a debtor is unable to pay the filing fee up front, he may file a completed and signed application with his petition to pay the fee in installments. Fed. R. Bankr. P. 1006(b)(1); Official Form 130A. The court in its discretion may order the debtor to pay the entire fee or allow payment in installments. Fed. R. Bankr. P. 1006(b)(2).

---

advanced filing fees for a chapter 7 debtor). However, the Court cautions Mr. Walker and encourages him to ensure that he is compliant with the Minnesota Rules for Professional Responsibility. See e.g. 1.8(e).

4

This official form notifies the debtor that "[b]y signing here, *you* state that you are unable to pay the full filing fee at once, that *you* want to pay the fee in installments, and that *you* understand" the requirements for making outstanding payments. Form 103A (Emphasis added). Debtor and his attorney must sign this form acknowledging the requirements to file to pay the fee in installments, and the consequences of not paying the fee. The voluntary petition for individuals filing bankruptcy requires debtors to indicate how they will pay their filing fee. Official Form 101. Debtor must indicate "I need to pay the fee in installments." Id. The attorney, upon signing the petition, certifies that they "have no knowledge after an inquiry that the information in the schedules filed with this petition is correct." Id. Debtor also signs the petition "under penalty of perjury that the information provided is true and correct." Id.

In the fifteen months from January 1, 2024, through April 2, 2025, Mr. Walker has filed 2,728 chapter 7 cases in the District of Minnesota Bankruptcy Court. In 844 of these cases, Mr. Walker filed a motion to pay the filing fee in installments. This is 31% of the total chapter 7 cases that Mr. Walker filed. In comparison, only *five* total chapter 7 installment applications were filed by all other attorneys in this District, which is 0.09% of the rest of the chapter 7 cases. And most of those involved pro-bono or voluntary post-petition payments. Walker has filed 99.41% of *all* fee installment applications in this District.

The application to pay the filing fee in installments does not exist for the sheer convenience of the parties. Attorneys "must be cognizant of the condition to paying filing fees in installments– the debtor must be otherwise unable to pay the filing fee. This is not something every debtor can legitimately claim, and the filing of an application to pay the filing fee in installments is an express representation to the Court of the debtor's inability to pay the filing fee except in installments." In re Mudd, 633 B.R. 364, 381 (Bankr. W.D. Okla. 2024). The Bankruptcy Code and Rules of

5

Bankruptcy Procedure lay out specific requirements that applicants must meet to qualify. Somehow, Mr. Walker's chapter 7 clients meet the requirements needed to pay the application in installments 31% of the time while the rest of the entire bar's chapter 7 cases met the requirements 0.09% of the time. It is statistically inconceivable that Mr. Walker's rate of clients filing an application to pay the filing fee in installments is 344 times that of the remainder of the bar. "[S]uch applications can only be filed when the debtor is otherwise unable to pay the filing fee except in installments." Id.

Not only does Mr. Walker file a large volume of applications to pay the fee in installments, as discussed above, but a majority of them also include third-party guarantors who are responsible to pay the filing and attorney's fees in the cases. All the cases before me deal with applications to pay the filing fee in installments where the firm is being paid for the attorney's fees and the filing fee via a third-party guarantor. Nothing in the Code, local, or federal rules mentions anything about a third-party guarantor not being able to make the payment in full upon filing. Everything pertains to the *debtor* being unable to make the filing fee except in installments.

By signing and filing the petition and application to pay the filing fee in installments, Mr. Walker has represented that the debtor is unable to pay the fee in full and must pay it in installments, yet he is not receiving the filing fee from the debtor but from a third party. Additionally, many of these cases end up with the filing fee being paid in full after the court sets it on for a hearing. It remains unclear as to whom is paying the balance of the fee, but it has happened on a not-infrequent basis that the balance is suddenly paid in full when a hearing is scheduled.

It is not the responsibility of the Court to parse through each application to pay the filing fee in installments and use divination to determine whom Mr. Walker will actually be collecting

6

the filing fees from post-petition. Nor does the Court want to be put into this position. Therefore, it must be clearly disclosed to the Court who is paying the fees. Because Mr. Walker is receiving the fees from a third party, the filing fee must be paid in full upon filing the bankruptcy petition. Henceforth, if the debtor in a chapter 7 case files an application to pay the filing fee in installments with a third-party guarantor, and without more explanation, that motion will be denied.

**CONCLUSION**

For the foregoing reasons, the applications to pay the filing fees in installments are **DENIED**. In each of these cases, the remaining balance of the filing fee owed must be paid on or before May 9, 2025.

Dated:  _May 1, 2025_                                   _s/ Michael E. Ridgway_
                                                        Michael E. Ridgway
                                                        United States Bankruptcy Court